United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHBOD KHALILPOUR, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>Defendant. | No. C 09-02712 CW (MEJ)<br><br>**ORDER RE DISCOVERY DISPUTE (Dkt. #31)** |

## I.  INTRODUCTION

Before the Court is the joint discovery dispute letter ("*Joint Letter*"), filed by potential class representative Plaintiff Mahbod Khalilpour ("Plaintiff") and Defendant CELLCO Partnership d/b/a Verizon Wireless ("Defendant") on February 17, 2010.  (Dkt. #31.)  Upon careful review of the parties' papers, relevant legal authority, and good cause appearing, the Court ORDERS as follows.

## II.  BACKGROUND

Plaintiff filed the present action on April 24, 2009 in California Superior Court, for the County of Alameda, challenging Defendant's promotion, marketing, selling and distribution of the Unlimited option Get It Now game in California, alleging violations of the Business and Professions Code, Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq*., and causes of action for

Negligent and Intentional Misrepresentation.  (Pl.'s First Am. Compl. ("FAC"), Dkt. #15; *Joint Letter* at 1.)  On June 16, 2009 Defendant successfully removed the current action to this Court pursuant to 28 U.S.C. § 1441(b).  (Removal Pet. 2:9-15, Dkt. #1.)

On December 10, 2009 Plaintiff filed a Motion to Compel Discovery.  (Dkt. #24.)  On December 16, 2009, the Honorable Claudia Wilken, the presiding judge at the time,[1] referred the case to the undersigned for resolution of all further discovery motions.  (*Order of Reference to Magistrate Judge*,1:15-20, Dkt. #26.)  The undersigned subsequently denied Plaintiff's Motion to Compel and ordered the parties to meet and confer in person, and thereafter to file a joint discovery dispute letter if unable to resolve the dispute.  (*Notice of Reference for Purposes of Discovery*, 1:19-22, Dkt. #27.)  On February 17, 2010, the parties filed the instant letter.  (Dkt. #31.)

### III.   DISCUSSION

Plaintiff contends that at the pre-certification stage of a class action, he is entitled to the name, address and telephone number of the putative class members in this action because the information is relevant to establishing the elements necessary to certify a class.  *Joint Letter* at 3. Accordingly, Plaintiff argues that Defendant's decision to withhold the putative class members' phone numbers interferes with Plaintiff's ability to learn the names of the individuals who may assist in prosecuting the case.  *Id*.  In response, Defendant argues that Plaintiff is not entitled to the telephone numbers of the putative class members because telephone numbers are entitled to a heightened protection from disclosure, and that Plaintiff can prosecute and support his anticipated motion with the names and addresses of the putative class members that Defendant is willing to produce.  *Id*. at 4.

**A.   Legal Standard**

Federal Rule of Civil Procedure ("Rule") 26(b)(1) allow parties to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Rule

---

[1] On March 18, 2010, the case at hand was reassigned to the Honorable Richard Seeborg. (Dkt. #32.)

2

26(a)(1)(A) requires a party to release, without a discovery request, the name, address and telephone numbers of individuals "likely to have discoverable information that the disclosing party may use to support its claims or defenses."  As stated in the Advisory Committee Notes for Rule 26(a)(1)(A), "use"  includes any use at a pretrial conference, to support a motion, or at trial.  Once the moving party establishes that the information requested is within the scope of permissible discovery, the burden shifts to the party opposing discovery. *Ellison v. Patterson-UTI Drilling*, 2009 U.S. Dist. LEXIS 88313, at *4 (S.D. Tex. Sept. 23, 2009).  An opposing party can meet its burden by demonstrating that the information is being sought to delay bringing the case to trial, to embarrass or harass, is irrelevant or privileged, or that the person seeking discovery fails to show need for the information. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353, fn. 17 (1978).

**B.     Application to the Case at Bar**

     1.     <u>Relevancy</u>

Plaintiff argues that the telephone numbers are relevant to establishing the necessary elements of a class, especially with a looming pre-certification deadline. *Joint Letter* at 3.  In addition, Plaintiff contends that due to its protracted discovery dispute with Defendant, obtaining all contact information for the putative class, including the telephone numbers, will ensure that Plaintiff's counsel can contact potential class members before filing the motion and can prosecute the case accordingly. *Id*. at 3.

Defendant responds by arguing that Plaintiff can establish the necessary elements for the upcoming pre-certification motion by contacting the putative class members through the names and addresses Defendant has agreed to produce, and objects to the necessity of the telephone numbers. *Id*. at 4. Defendant further contends that Plaintiff cannot sustain a claim of necessity because he could have contacted putative class members over four months ago through the mail and obtained the phone numbers through a public directory. *Id*. at 5.

Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *EEOC v. Lexus of Serramonte*, 2006 WL 2619367, at *5 (N.D. Cal. Sept. 5, 2006).  During

3

the certification proceedings in a class action, courts have generally permitted discovery of relevant information on issues like typicality, commonality, and numerosity. *Oppenheimer*, 437 U.S. at 351, fn. 13; *Babbit v. Albertson's Inc.*, 1992 WL 605652, at *2 (N.D. Cal. Nov. 30, 1992).  The disclosure of names, addresses, social security numbers, and telephone numbers is a common practice in the class action context. *Babbit*, 1992 WL 605652, at *6 (at pre-certification stage of Title VII class action, defendant employer ordered to disclose names, addresses, telephone numbers and social security numbers of current and past employees); *Putnam v. Eli Lilly and Co.*, 508 F.Supp.2d 812, 814 (C.D. Cal. 2007) (finding the production of names, addresses, and telephone numbers appropriate with a protective order); *Upshaw v. Georgia Catalog Sales, Inc.*, 206 F.R.D. 694, 702 (M.D. Ga. 2002) (in class action under RICO and state usury law, lender ordered to provide class list that included names, last known addresses, telephone numbers and social security numbers); *Rees v. Souza's Milk Transp.*, Co., 2006 WL 3251829, at *1 (E.D. Cal. Nov 08, 2006) (ordering defendant to disclose social security numbers for eleven FLSA class members for whom mailing to a last known address was insufficient).

    Here, the Court finds that production of each putative class member's residential telephone number, along with their name and address, is relevant to and reasonably calculated to lead to the discovery of evidence relevant to class certification issues.  With the names, addresses and telephone numbers of the putative class members, Plaintiff can contact these individuals to ascertain whether common questions of law exist, and evaluate the typicality of claims between the Plaintiff and other claimants. *Babbit*, 1992 WL 605652, at *2.  While the Court has discretion to deny a discovery request which seeks information that might already be available to the discovering party, Defendant has not demonstrated to the Court why producing the telephone numbers of the putative class would be duplicative.  Instead, Defendant's cited authority signals that, during pre-certification discovery, a court is not limited by the possible existence other avenues of inquiry, like the mail. *York v. Starbucks Co.*, 2009 WL 3177605, at *2 (C.D. Cal. June 30, 2009) (allowing plaintiff's counsel to contact putative class members via writing, email or phone, subject to a protective order).

///

4

2. <u>Privacy</u>

Defendant objects to the production of telephone numbers for two reasons. First, Defendant argues that telephone numbers are subject to a heightened level of privacy, and second, Defendant argues that Plaintiff can contact putative class members in a less intrusive way, such as through the mail. *Joint Letter* at 4. In response, Plaintiff argues that while the telephone numbers of putative class members are entitled to a certain degree of privacy, in this situation, the infringement on their privacy interest is minimal and outweighed by the possible vindication of their rights. *Joint Letter* at 2, 3.

Unlike privileged information, the protection afforded to privacy claims is qualified, not absolute. *Crab Addison, Inc. v. Superior Court*, 169 Cal. App. 4th 958, 966 (2008). The right of privacy in Article 1, Section 1 of the California Constitution "protects an individual's reasonable expectation of privacy against a serious invasion." *Id.*; *Hill v. National Collegiate Athletes Assn.*, 7 Cal. 4th 1, 36-37 (1994). In each case, the court must balance the right of privacy asserted against the need for discovery. *Pioneer Electronics v. Superior Court*, 40 Cal. 4th 360, 372 (2007). To conduct this evaluation, a court must determine whether the person claiming the privacy right has a legally protected interest; whether the individual has a reasonable expectation of privacy under the particular circumstances, including the customs, practices and physical settings surrounding particular activities; and whether the invasion of privacy is serious rather than trivial. *Crab Addison*, 169 Cal. App. 4th at 966 (citations and quotations omitted).

In the case at hand, the Court finds that the potential putative class members in this controversy have a legally protected interest in the privacy of their phone numbers and a reasonable expectation of privacy. However, the Court finds that the information sought by Plaintiff is not particularly sensitive. In fact, the disclosure of names, addresses, and telephone numbers is common practice in the class action context because it does not involve revelation of personal secrets, intimate activities, or similar private information, which have been found to be serious invasions of privacy. *Pioneer Electronics*, 40 Cal. 4th at 373 (in class action filed for defective product, court ordered defendants to provide name, addresses and telephone numbers); *Tierno v. Rite Aid Co.*, 2006

U.S. Dist. LEXIS 71795, at *9-10 (N.D. Cal. June 16, 2006) (finding production of name, addresses and telephone numbers of putative class members appropriate under Federal and California law); *York*, 2009 WL 3177605, at *1 (court ordered defendant to produce name, addresses and telephone numbers). Without such information, Plaintiff's efforts to pursue his consumer advocacy rights claims would be hindered, especially with a looming certification motion due. *Pioneer Electronics*, 40 Cal. 4th at 372; *York*, 2009 WL 3177605, at *2. As a result, Defendant's privacy objections must yield to Plaintiff's request for the information. Accordingly, the Court ORDERS Defendant to respond to Interrogatory No. 10 and produce the names, addresses and telephone numbers of "each person who purchased [Defendant's unlimited option Get It Now game] and subsequently replaced the handset onto which the game was downloaded." (Winchester Decl., Ex. 2, Dkt. #25.) The Court finds that Defendant's concern for the privacy rights of potential class members can be addressed through a protective order.

3.   Protective Order

Pre-certification discovery is within the discretion of the court, and limitations may be imposed within the Court's discretion. *EEOC v. ABM Indus.*, 2008 U.S. Dist. LEXIS 105649, at *11 (E.D. Cal. Dec. 22, 2008) (citations omitted). Accordingly, the terms of the protective order follow. The Court ORDERS Plaintiff's counsel to inform each potential putative class member contacted by Plaintiff that he or she has a right not to talk to counsel and that, if he or she elects not to talk to counsel, Plaintiff's counsel will terminate the contact and not contact them again. Additionally, Plaintiff's counsel is ORDERED to keep a list of all individuals contacted, and preserve that list so that it may be filed with the Court along with Plaintiff's certification motion. Furthermore, the Court ORDERS Plaintiff not to use any of the contact information obtained for any purposes outside of this litigation. Plaintiff is ORDERED not to disseminate this information to anyone not necessary to the prosecution of this action.

///

///

///

6

### IV.  CONCLUSION

Based on the foregoing, the Court ORDERS Defendant to respond to Interrogatory No. 10 as discussed, subject to the above protective order.

**IT IS SO ORDERED.**

Dated:       April 1, 2010



MARIA-ELENA JAMES
United States Magistrate Judge