| | |
|---|---|
| 1 | JEFFREY D. MEYER |
| | State Bar No. 00788048 |
| 2 | The Meyer Law Firm, P.C. |
| | 510 Bering Drive, Suite 300 |
| 3 | Houston, TX 77057 |
| 4 | 713.974.4100 |
| | 713.974.0225 (fax) |
| 5 | jeff@themeyerlawfirm.com |
| | *Pro hac vice* application to be filed |
| 6 | |
| | DAVID R. ONGARO |
| 7 | State Bar No.154698 |
| | Amelia D. Winchester |
| 8 | State Bar No. 257928 |
| | Ongaro, Burtt & Louderback |
| 9 | 595 Market Street, Ste. 610 |
| | San Francsico, CA 94105 |
| 10 | (415) 433-3900 |
| | (415) 433-3950 (fax) |
| 11 | |
| | GEORGE L. HAMPTON IV |
| 12 | State Bar No. 1444433 |
| | Hampton Holley, LLP |
| 13 | 2101 East Coast Highway, Ste. 260 |
| | Corona del Mar, CA 92625 |
| 14 | (949) 718-4550 |
| | (949) 718-4580 (fax) |
| 15 | |
| | *Additional Counsel on last page |
| 16 | |
| | Attorneys for Plaintiff |
| 17 | MAHBOD KHALILPOU |
| | and Plaintiff Class |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MAHBOD KHALILPOUR, on behalf of himself and all others similarly situated, | Case No. C 09-02712 CW |
| Plaintiffs, | **CLASS ACTION** |
| v. | **MOTION TO ENFORCE SETTLEMENT AGREEMENT** |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, | Judge: Hon. Claudia Wilken |
| Defendant. | |

- 1 -

Motion To Enforce Settlement Agreement
Case No. C 09-02712 CW

On June 18, 2009, Plaintiffs filed the above-reference class action against Verizon Wireless to compensate class members who purchased "Unlimited Get It Now®" games from Verizon Wireless, only to learn when they bought a new handset that the games had to be repurchased.

The parties mediated this case with JAMS mediator Hon. William J. Cahill, which was unsuccessful, but ultimately set the stage for a definitive resolution, which was memorialized by a signed Memorandum of Understanding ("MOU").[1] This resolution came after months of additional negotiations and some discovery disputes, which were brought to the Court's attention. This settlement agreement between the parties confers substantial monetary benefits to the class. This settlement is likely to provide significant cash compensation and important changes to how Verizon Wireless markets its downloadable games on its phones in the future.

Subsequent to the parties, through their attorneys, signing the MOU, the parties next focused their attention on completing the confirmatory discovery contemplated by the MOU and finalizing the settlement documentation necessary in a class action settlement, all of which must ultimately meet with Court approval. On at least two occasions (*see* Docket entries Nos. 48 and 50), the parties stipulated to this Court that a settlement had been achieved and the parties were working on agreed, final documentation to support a motion for preliminary approval.

Approximately two weeks after the parties' last stipulation to the Court confirming a settlement (*see* Docket Entry 50, April 12, 2011), the United States Supreme Court decided on April 27, 2001 *AT&T Mobility LLC v. Concepcion,* 131 S. Ct. 1740 (2011). Seemingly within days of that decision, counsel for Defendants disavowed the MOU. Notwithstanding that

---

[1] / Because the MOU is, by its terms, a confidential document, Plaintiffs have not attached it as an exhibit to this Motion. Plaintiffs will file an administrative motion to file the MOU under seal forthwith, and – should said motion be granted– will e-file the MOU under seal.

- 2 -

Motion To Enforce Settlement Agreement
Case No. C 09-02712 CW

position, counsel for Defendants continued to press class counsel for a fee demand. To be sure, Defendants' gambit is transparent.

Here, the law is straightforward. *See, e.g., Core-Vent Corp. v. Implant Innovations, Inc.,* 53 F.3d 1252, 1256 (Fed. Cir. 1995) ("[s]ince contractual obligations [including settlement agreements] are to be ascertained from *objective manifestations of assent,* [a party's] mental reservations are legally irrelevant") (emphasis added). The MOU and parties' subsequent stipulations to this Court, demonstrate numerous, objective manifestations of mutual assent.

Moreover, a district court has broad discretion to enforce a settlement agreement, including an oral agreement. *Autera v. Robinson,* 419 F.2d 1197, 1198 n.2 (D.C. Cir. 1969); *In re Suchy,* 786 F.2d 900, 902-03 (9th Cir. 1986). That broad discretion is based upon the "policy favoring the amicable adjustment of disputes and the concomitant avoidance of costly and time consuming litigation." *Matter of Springpark Assoc.,* 623 F.2d 1377, 1380 (9th Cir. 1980).

This motion is being filed because Verizon Wireless has indicated that intends to withdraw from the settlement agreement. Verizon Wireless' counsel has communicated this fact to counsel for the class on several occasions subsequent to the *AT&T Mobility* case, and, not coincidentally, generally in connection with Defendants' request for a fee demand, which Plaintiffs are prepared and willing to have decided by this Court.

It is unknown at this time exactly what Verizon Wireless' argument will be, so Plaintiffs will reserve the bulk of their arguments until the specifics of Verizon Wireless' argument is known.

Plaintiffs respectfully request that the Court grant this motion to enforce settlement agreement and order Verizon Wireless to comply with its settlement agreement in this case.

/ / /

/ / /

Motion To Enforce Settlement Agreement
Case No. C 09-02712 CW

| | |
|---|---|
| Dated: September 16, 2011 | ONGARO BURTT & LOUDERBACK LLP |
| | /s/ David R. Ongaro |
| | David R. Ongaro |
| | Attorney for Plaintiff MAHBOD KHALILPOUR |

## CERTIFICATE/PROOF OF SERVICE

On this the 16th day of September 2011, a true and correct copy of the above and foregoing instrument was duly served upon all counsel of record and via CM-ECF filing.

/s/ David R. Ongaro
David R. Ongaro

*Additional counsel*
CHRISTOPHER A. BANDAS
BANDAS LAW FIRM, P.C.
500 North Shoreline, Suite 1020
Corpus Christi, Texas 78401
Telephone:  (361) 698-5200
Facsimile: (361) 698-5222
cbandas@bandaslawfirm.com
*Pro hac vice* application to be filed