1

2

3

4

5

6

7    UNITED STATES DISTRICT COURT

8    NORTHERN DISTRICT OF CALIFORNIA

9    SAN FRANCISCO DIVISION

10

11

12   MAHBOD KHALILPOUR, on behalf of          Case No.  C 09-02712 RS
     himself and all others similarly situated,

13              Plaintiff,                    CLASS ACTION

14        v.                                  [PROPOSED] ORDER PRELIMINARILY
                                              APPROVING SETTLEMENT,
15   CELLCO PARTNERSHIP d/b/a VERIZON         CERTIFYING THE SETTLEMENT
     WIRELESS; and DOES 1 through 10,         CLASS, AND PROVIDING FOR NOTICE
16   inclusive,                               AND HEARING
                Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

WHEREAS, a class action entitled *Khalilpour v. Cellco Partnership d/b/a Verizon Wireless*, Case No. C 09-02712 RS (the "Action") is pending before the Court;

WHEREAS, Plaintiff having made application, pursuant to Federal Rule of Civil Procedure 23, for an order preliminarily approving the settlement of the Action, in accordance with a Settlement Agreement and Release (the "Agreement") which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Agreement and the Exhibits annexed thereto;

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court preliminarily approves the Agreement and the Settlement set forth therein, subject to further consideration and final approval at the Settlement Hearing described below.

2. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies, solely for purposes of effectuating this Settlement, a Settlement Class defined as:  Those California residents who purchased Unlimited Get It Now game(s) on a handset and subsequently purchased one or more new handsets that were activated on the same mobile telephone line between January 1, 2004 and the date of the court's preliminary approval of this Settlement.

3. The Court appoints Ongaro Burtt & Louderback LLP as Lead Class Counsel and Plaintiff Mahbod Khalilpour as Class Representative.

4. A hearing (the "Settlement Hearing") shall be held before this Court on November 1, 2012, at 1:30 p.m., at the United States District Court for the Northern District of California, San Francisco Division, Courtroom 3 (17th Floor), located at 450 Golden Gate Avenue, San Francisco, California, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Agreement is fair, just, reasonable, and adequate to each of the Settling Parties and the Settlement Class and should be approved by the Court and

1   whether a Final Judgment and Order of Dismissal With Prejudice as defined in Section 1.5 of the

2   Agreement should be entered herein.  At the Settlement Hearing, the Court may also consider any

3   application for Class Counsel's fees and expenses and for an incentive award to Plaintiff.

4        5.     The Court approves, as to form and content, the Notice of Pendency and

5   Settlement of Class Action and Settlement Hearing ("Notice"), the Summary Notice of Class

6   Action ("Summary Notice"), and the Claim Forms, which are attached as Exhibits to the

7   Agreement, and finds that the dissemination of the Notice, Summary Notice, and Claim Forms

8   substantially in the manner and form set forth in ¶ 6 of this Order meets the requirements of

9   Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the

10   circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

11        6.     Class notice shall be disseminated as follows:

12        a.     For Settlement Class Members who are current Verizon Wireless

13   customers and who receive their bills via U.S. mail, Verizon Wireless shall cause a copy of the

14   Summary Notice (and claim form, if feasible) to be inserted in the bills of these Settlement Class

15   Members by August 6, 2012.

16        b.     For Settlement Class Members who are current Verizon Wireless

17   customers and who receive their bills via e-mail, Verizon Wireless shall cause the Summary

18   Notice to be sent to these Settlement Class Members via e-mail by August 6, 2012.  The e-mail

19   will contain a link to a dedicated website created for this Settlement, which will contain an

20   electronic version of the Claim Form that can be filled out online.

21        c.     As set forth in the Agreement, Verizon Wireless will cause two reminder

22   notices to be sent after the initial notice.  The first reminder notice will be sent after the initial

23   notice and before the Settlement Hearing.  The second reminder notice will be sent no later than

24   60 days after the Court issues an Order finally approving the proposed settlement.

25        d.     No later than July 3, 2012, the Settlement Administrator shall cause a copy

26   of the Notice and Claim Form to be posted on the internet at:  www.khalilpoursettlement.com.

27   Verizon Wireless will also make available a copy of the Notice and Claim Form on the Legal

28   Notices section of its website.

e.       No later than August 6, 2012, Verizon Wireless shall cause the Summary Notice to appear in one Sunday edition of the San Francisco Chronicle, Los Angeles Times, Sacramento Bee, San Diego Union Tribune, San Jose Mercury News, and Redding Record Searchlight.

f.       No later than October 18, 2012, Verizon Wireless's Counsel shall serve on Class Counsel and file with the Court proof, by affidavit or declaration, that the notice procedures have been executed as described above.

7.       All members of the Settlement Class who do not submit a valid request for exclusion in accordance with ¶11 below shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

8.       Settlement Class Members may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Class Counsel.

9.       Pending final determination of whether the Settlement should be approved, neither Plaintiff nor any Settlement Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

10.      All proceedings in this Action are hereby stayed and suspended, pending Final Approval of the Class Settlement, except such proceedings as are provided for in the Agreement, or which may be necessary to implement the terms of the Agreement, Settlement, or this Order.

11.      Any person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement Class.  Any such Person must submit to the Settlement Administrator a request for exclusion ("Request for Exclusion"), to be received or postmarked no later than September 20, 2012.  A Request for Exclusion must state: (a) the name, address, current telephone number, and Verizon Wireless mobile telephone number of the Person requesting exclusion, and (b) that the Person wishes to be excluded from the Settlement Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
Case No.  C 09-02712 RS
sf-3162195

1  shall have no rights under the Agreement, shall not share in the settlement relief, and shall not be

2  bound by the Agreement or the Final Judgment.

3          12.     Any Settlement Class Member may appear and show cause (if he or she has any):

4  (1) why the proposed Settlement of the Action should or should not be approved as fair, just,

5  reasonable and adequate; (2) why a Final Judgment and Order of Dismissal With Prejudice

6  should or should not be entered thereon; and/or (3) why attorneys' fees and expenses to Plaintiff's

7  Counsel, or an incentive award to Plaintiff, should or should not be awarded.  However, no

8  Settlement Class Member or any other Person shall be entitled to contest the approval of the

9  terms and conditions of the proposed Settlement, or, if approved, the Final Judgment and Order of

10 Dismissal With Prejudice to be entered thereon approving the same, any attorneys' fees and

11 expenses to be awarded to Plaintiff's Counsel, or any incentive payment to be awarded to

12 Plaintiff unless that Person has (a) delivered by hand or sent by overnight or first-class mail

13 written objections and copies of any papers and briefs such that they are received no later than

14 September 20, 2012, to David R. Ongaro, Ongaro Burtt & Louderback LLP, 650 California

15 Street, Fifth Floor, San Francisco, CA 94108 and Penelope A. Preovolos, Morrison & Foerster

16 LLP, 425 Market Street, San Francisco, CA 94105-2482, and (b) filed said objections, papers and

17 briefs with the Clerk of the Court, United States District Court for the Northern District of

18 California, 450 Golden Gate Avenue, San Francisco, California 94102, on or before September

19 20, 2012.  Any Settlement Class Member who does not make his or her objection in the manner

20 provided herein shall be deemed to have waived such objection and shall forever be foreclosed

21 from making any objection to the fairness or adequacy of the proposed Settlement as incorporated

22 in the Agreement, to the Final Judgment and Order of Dismissal With Prejudice, to the award of

23 attorneys' fees and reimbursement of expenses to Plaintiff's Counsel, and/or to the award of an

24 incentive payment to Plaintiff, unless otherwise ordered by the Court.

25          13.     Any application by Class Counsel for attorneys' fees or reimbursement of

26 expenses, and any application for an incentive award to Plaintiff, shall be filed and served by

27 August 30, 2012.

28

14.     All papers in support of the Settlement and in response to any objections shall be filed and served by October 18, 2012.

15.     At the Settlement Hearing, the Court shall determine whether any application for attorneys' fees and expenses and for an incentive award to Plaintiff shall be approved.

16.     Neither the Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as: (1) an admission or concession by Defendant of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind; or (2) an admission or concession by Plaintiff and/or the Settlement Class of any infirmity in the claims asserted in the Action.

17.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

Dated:  _6/22_____, 2012

By:  Order of the United States District Court for the Northern District of California

_____
Hon. Richard Seeborg
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
Case No.  C 09-02712 RS
sf-3162195