UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAHBOD KHALILPOUR, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. C 09-02712 RS<br><br>CLASS ACTION<br><br>[**PROPOSED**] **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

Case No.   C 09-02712 RS

This matter came on for hearing on November 1, 2012, at 1:30 p.m.  The Court has considered the Settlement Agreement and Release ("Agreement"), oral and/or written comments received regarding the proposed settlement, the record in the Action and the arguments and authorities of counsel.  Good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Final Judgment and Order of Dismissal With Prejudice ("Judgment"), adopts the terms and definitions set forth in the Agreement.

2. The Court has jurisdiction over the subject matter of the Action, Plaintiff, the Settlement Class Members, and defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless").

3. The Court hereby confirms and grants final certification to the Settlement Class of those California residents who purchased Unlimited Get It Now game(s) on a handset and subsequently purchased one or more new handsets that were activated on the same mobile telephone line between January 1, 2004 and the date of the court's preliminary approval of this Settlement.  The Court finds that the requirements of Federal Rule of Civil Procedure 23 for maintenance of this action as a class action have been satisfied in all respects.

4. The Court finds that the notice to the Settlement Class of the pendency of the Action and of this settlement, as provided by the Agreement and by an Order of this Court dated June 22, 2012, constituted the best notice practicable under the circumstances to all persons and entities within the definition of the Settlement Class, and fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process.

5. Notifications of this settlement were provided to the appropriate officials in full compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1711-1715.  The Court has reviewed such notifications and finds that they fully comply with any applicable requirements of CAFA.

6. The Court approves the settlement as set forth in the Agreement and finds that the settlement is in all respects fair, reasonable, adequate and just to the Settlement Class Members, and the Settling Parties are hereby directed to perform its terms.

7. Pursuant to the Agreement, Verizon Wireless shall do the following:

a. For those Settlement Class Members who bought one or more Unlimited Get It Now games for a handset with the belief that those games would be transferable to a subsequent handset, later purchased a handset ("subsequent handset") that was activated on the same mobile telephone line, and then repurchased the same game(s) for the subsequent handset, Verizon Wireless shall provide the following: (1) Verizon Wireless shall provide $15 to Settlement Class Members who timely submit a valid Claim Form stating that they believed the Unlimited Get It Now game(s) purchased for a handset would be transferable to the subsequent handset; (2) Verizon Wireless shall provide to Settlement Class Members who timely submit a valid Claim Form and list the games they repurchased after acquiring a new handset the value of the listed games, up to a maximum of $35 (subject to confirmation based on Verizon Wireless's records); or (3) Verizon Wireless shall provide to Settlement Class Members who timely submit a valid Claim Form and include proofs of purchase for the games they repurchased after acquiring a new handset the total value of the repurchased games for which proofs of purchase are provided.

b. Verizon Wireless shall provide $15 to Settlement Class Members who bought one or more Unlimited Get It Now games for a handset, and subsequently purchased a handset ("subsequent handset") that was activated on the same mobile telephone line, but did <u>not</u> repurchase the game(s), if the Settlement Class Members timely submit a valid claim form stating that they believed the Unlimited Get It Now game(s) they purchased on their initial handset would be transferable to a subsequent handset and were deterred from downloading the previously purchased game(s) to the subsequent handset.

c. Settlement Class Members who did not submit a Request for Exclusion may submit claims until 180 days after the date of this order and judgment. Verizon Wireless may reject any claim that is fraudulent, invalid, insufficient, incomplete or untimely.  Payments to Settlement Class Members shall be issued within 60 days of the Effective Date or within 60 days of the expiration of the claims period, whichever is later.

d. Verizon Wireless shall make changes to its Frequently Asked Questions on www.verizonwireless.com and www.vzw.com as set forth in this paragraph.  Verizon Wireless

shall state affirmatively and conspicuously on any sections of its websites pertaining to Unlimited Get It Now Games that downloaded content and applications may only be used on the device to which they are downloaded, and that if a user changes devices, the user will need to re-download the content and pay for the game again.  Verizon Wireless will also include this statement in any written materials provided to subscribers at Verizon Wireless retail stores regarding Unlimited Get It Now Games.

8. The Court adjudges that the payment of attorneys' fees and expenses in the total amount of $645,000 to Class Counsel and a class representative service award of $5000 is fair, reasonable and adequate, and that said attorneys' fees and expenses and service award shall be paid to Class Counsel and Mahbod Khalilpour pursuant to the terms of the Agreement.

9. As of the Effective Date, Plaintiff and all Settlement Class Members shall be forever barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any capacity, in any action or proceeding that involves or asserts any of the Released Claims against any Released Parties and shall conclusively be deemed to have released and forever discharged the Released Parties from all Released Claims.

10. Plaintiff and all Settlement Class Members shall, as of the Effective Date, conclusively be deemed to have acknowledged that the Released Claims may include claims, whether known or unknown, that were or could have been alleged or asserted in the Action regarding any alleged misrepresentations or failures to disclose with respect to Unlimited Get It Now games and regarding the alleged failure to transfer Unlimited Get It Now games to subsequent handsets.  Plaintiff and all Settlement Class Members nonetheless release all such Released Claims against the Released Parties.  Further, as of the Effective Date, Plaintiff and all Settlement Class Members shall be deemed to have waived any and all protections, rights and benefits of California Civil Code section 1542 and any comparable statutory or common law provision of any other jurisdiction regarding any alleged misrepresentations or failures to disclose with respect to Unlimited Get It Now games and regarding the alleged failure to transfer Unlimited Get It Now games to subsequent handsets.

11. The benefits and payments described in Paragraphs 7 and 8 are the only consideration, fees, and expenses Verizon Wireless or the Released Parties shall be obligated to give to Plaintiff, Settlement Class Members, and Class Counsel in connection with the Agreement and the payment of attorneys' fees and expenses.

12. The Action and all claims asserted in the Action are dismissed on the merits and with prejudice as to Plaintiff and all Settlement Class Members.  Notwithstanding the foregoing, this Judgment does not dismiss any of the individual claims asserted by any persons or entities who have validly and timely requested exclusion from the Settlement Class as provided for in sections 6.2-6.3 of the Agreement.  A list of persons and entities who validly and timely requested exclusion is attached hereto as Exhibit 1.

13. Without affecting the finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, Plaintiff, the Settlement Class Members, and Verizon Wireless for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Agreement, the Court's Order dated June 22, 2012, and this Judgment.

14. Neither the Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement:  (a) is or may be deemed to be or may be used as an admission, concession or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Plaintiff, the sufficiency or deficiency of any defense that has been or could have been asserted in the litigation, or of any alleged wrongdoing, liability, negligence, fault of the Released Parties, or any of them; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by any of the Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the Released Parties or Plaintiff, or each or any of them, that any of the Plaintiff's claims are with or without merit, or that the consideration to be given hereunder represents an amount

equal to, less than or greater than any amount which could have or would have been recovered after trial. Any of the Released Parties or Plaintiff may file the Agreement and/or the Judgment in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or in a proceeding to consummate or enforce the Agreement or Judgment, or as otherwise required by law.

15. In the event that the Settlement does not become effective in accordance with the terms of the Agreement, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated, and in such event, all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

16. Without further approval from the Court, the Parties are authorized to agree to and adopt such amendments, modifications and expansions of the Agreement and its implementing documents (including all exhibits to the Agreement) as (a) shall be consistent in all material respects with this Judgment, or (b) do not limit the rights of Settlement Class Members.

All other relief not expressly granted to the Settlement Class Members is denied.

Dated: November 5, 2012

By: Order of the United States District Court for the Northern District of California

_____
Hon. Richard Seeborg
UNITED STATES DISTRICT JUDGE

Case No. C 09-02712 RS

5